UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONTINUUM CAPITAL FUNDING LLC, | |
| Plaintiff, | |
| v. | No. 25 CV 10531 |
| JEROME HARDWICK, | Judge Thomas M. Durkin |
| Defendant. | |

**Memorandum Opinion and Order**

Jerome Hardwick, a *pro se* litigant, for the second time attempts to remove from the Cook County Circuit Court a commercial foreclosure action filed by Continuum Capital Funding LLC ("CCF"). CCF moves to remand the case back to state court and also seeks attorneys' fees and a filing bar against Hardwick. R. 7, 11. For the following reasons, the motion to remand is granted and the motion for fees and a filing bar is denied.

**Background**

Hardwick defaulted on a mortgage held by CCF. On October 1, 2024, CCF filed a complaint against Hardwick in the Chancery Court for the Circuit Court of Cook County seeking to foreclose on the mortgage and to take possession of the mortgaged property. On November 19, 2024, after notice was given to Hardwick, the state court granted CCF's motion to place the property into CCF's possession (the "Possession Order"). R. 14-1 at 154–56. Hardwick then filed for Chapter 13 bankruptcy on November 25, 2024, and a notice of removal with this Court on December 4, 2024.

This Court remanded the case back to the state court, ruling that there was no original jurisdiction.

The bankruptcy court then dismissed the bankruptcy for failure to file a Chapter 13 plan and schedule. On March 10, 2025, Hardwick filed an answer in the foreclosure case, along with affirmative defenses and counterclaims. Seven days later, Hardwick filed a second Chapter 13 bankruptcy petition, which was dismissed a month later for failure to provide adequate documentation. CCF then filed a motion to dismiss Hardwick's affirmative defenses and counterclaims in state court. The motion was fully briefed by June 23, 2025.

On June 25, 2025, Hardwick filed a Chapter 7 bankruptcy petition. Because this was Hardwick's third bankruptcy within a year, the automatic stay did not go into effect. *See* 11 U.S.C. § 362(c)(4); *In Re: Jerome W Hardwick*, No. 25-bk-9698, Dkt. No. 25 (N.D. Ill. July 17, 2025) (finding that the automatic stay provisions were not imposed as to CCF upon the filing of this bankruptcy). On July 16, 2025, the state court dismissed Hardwick's affirmative defenses and counterclaims. R. 14-1 at 158. On August 7, 2025, the bankruptcy court granted the Chapter 7 Trustee's motion to compel Hardwick's compliance with the Possession Order. However, Hardwick continued to refuse to turn over possession of the property. On September 16, 2025, the bankruptcy court held Hardwick in contempt of court and denied his motion to dismiss the Chapter 7 bankruptcy.

Meanwhile, on September 3, 2025, Hardwick filed a second notice of removal. Judge Cummings granted CCF's motion to reassign the case to this Court. CCF filed

2

a motion to remand, which is ripe for consideration.[1]

## Discussion

A defendant may remove to federal court a state court civil action over which a federal court has original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction exists where cases arise under federal law and in cases between citizens of different States where the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. When jurisdiction is lacking, the district court must remand the case to the state court. 28 U.S.C. § 1447(c). "[T]he party seeking to invoke federal jurisdiction," in this case, Hardwick, "bears the burden of demonstrating that removal is proper." *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). "Removal is proper if it is based on statutorily permissible grounds, and if it is timely." *Id.* Removal statutes are construed narrowly and any doubts on removal are resolved in favor of the plaintiff's choice of a state court forum. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

Hardwick contends that this second removal is warranted under 28 U.S.C. §§ 1446(b)(3) and 1443(1). The Court addresses each in turn.

I.  28 U.S.C. § 1446(b)(3)

A defendant seeking to remove a case to federal court must ordinarily file its notice of removal within 30 days after being served with the original complaint. 28 U.S.C. § 1446(b)(1). If at first, the case is not removable, a notice of removal may be

---

[1] Hardwick also filed a motion to strike personal attacks in CCF's reply in support of its amended motion to remand. R. 16. Because the motion to remand is being granted, the Court denies Hardwick's motion as moot.

3

filed after the defendant receives a copy of an amended pleading, motion, order, or other paper that establishes that the case has become removable. 28 U.S.C. § 1446(b)(3). Section 1446 permits multiple petitions for removal so long as the procedural and jurisdictional prerequisites for removal are satisfied. *See Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999); *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, 2009 WL 2356141, at *2 (S.D. Ill. July 31, 2009).

After Hardwick first removed this case, the Court remanded it back to the state court because there was no original jurisdiction. Hardwick contends that the case is now removable due to "new federal grounds." Principally, Hardwick argues that the Possession Order was entered during a bankruptcy stay and without notice in violation of due process and that the subsequent orders from the bankruptcy court are premised on the allegedly void Possession Order. But the Possession Order was entered on November 19, 2024, days before Hardwick filed for bankruptcy on November 25, 2024. And, although the Court need not decide the validity of the Possession Order, *see Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (under the *Rooker-Feldman* doctrine, "lower federal courts lack jurisdiction to review the decisions of state courts in civil cases"), the record suggests that it was entered after notice was given to Hardwick. Hardwick further argues that the bankruptcy court's orders themselves violated the automatic stay. However, no stay was in effect.

Hardwick also contends that CCF is violating civil rights and consumer protection laws, and that documents produced by the Securities and Exchange Commission in response to a Freedom of Information Act request reveal that the

4

mortgage was improperly assigned to CCF. To the extent Hardwick believes that the mortgage was improperly assigned to CCF, that the assignment violated federal law, or that CCF is violating federal law, those do not convert CCF's foreclosure case into a federal question. They are more appropriately raised as counterclaims or affirmative defenses. But counterclaims, affirmative defenses, or Hardwick's arguments are irrelevant to whether the district court has original jurisdiction over *CCF's* civil action. *See Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 442 (2019) ("[A] counterclaim is irrelevant to whether the district court had original jurisdiction over the civil action."); *Bennett v. Southwest Airlines Co.*, 493 F.3d 762, 763 (7th Cir. 2007) (explaining that affirmative defenses do not permit removal "because the arising-under jurisdiction depends on the claim for relief rather than potential defenses"); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("[A] case may not be heard in district court when the only federal question posed is raised by a defense argument[.]").

Therefore, nothing Hardwick raises are amended pleadings, motions, orders, or other papers that facially reveal the case is now within the Court's original jurisdiction and removable. *Cf. Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823–25 (7th Cir. 2013) (explaining that Section 1446(b) "is triggered *only* by the defendant's receipt of a pleading or other litigation paper facially revealing that the grounds for removal are present") (emphasis original).

II.     28 U.S.C. § 1443(1)

A defendant may remove from state court "civil actions . . . [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). In order to remove a case under §1443(1), the defendant must establish both that (1) "the right allegedly denied the [defendant] arises under a federal law 'providing for specific civil rights stated in terms of racial equality,'" and (2) the defendant "is 'denied or cannot enforce' the specific federal rights 'in the courts of the State.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)).

The second prong of the test is met when either "the denial [is] manifest in a formal expression of state law," or "an equivalent basis [can] be shown for an equally firm prediction that the defendant [will] be denied or cannot enforce the specified federal rights in state court." *Rachel*, 384 U.S. at 803–04. Unless there is a state law that prevents a defendant from exercising his federal rights, the defendant must demonstrate that "the burden of having to defend the [state court suit] is itself the denial of a [federal] right" by identifying a federal law that authorized the defendant to engage in the acts upon which the state-law claim is based. *Id.* at 805.

Here, Hardwick contends that the state court issued an unconstitutional order, violated the bankruptcy stay, and is denying him his rights under the Truth In Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), Equal Credit Opportunity Act ("ECOA"), Fair Debt Collection Practices Act ("FDCPA"), Fair

6

Housing Act ("FHA"), and 42 U.S.C. §§ 1981–82. However, TILA, RESPA, ECOA, and FDCPA are not federal laws that provide for civil rights stated in terms of racial equality, so these statutes do not provide for removal under § 1443(1). *See Fenton v. Dudley*, 761 F.3d 770, 773 (7th Cir. 2014). And, to the extent Hardwick argues that his due process rights were violated, that also does not provide a basis for § 1443(1) removal. *Id.*

Conversely, the FHA and §§ 1981–82 are civil rights laws based on racial equality. *See, e.g.*, *Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights*, 558 F.2d 1283, 1288 (7th Cir. 1977) (the FHA is a law "providing for . . . equal civil rights" based on race). But Hardwick falters at the second prong. He points to no state law that prevents him from exercising his federal civil rights and identifies no federal law that allows him to escape the foreclosure or authorizes his refusal to turn over possession of the property to CCF. *See Fenton*, 761 F.3d at 775 (no formal expression of state law; no federal law that confers an absolute right on defendants to engage in the conduct). Further, it is not clearly predictable that the state court would unjustifiably deny Hardwick his civil rights. *See Emigrant Sav. Bank v. Elan Mgmt. Corp.*, 668 F.2d 671, 672–73, 676 (2d Cir. 1982) (holding that a foreclosure action allegedly filed in retaliation of FHA rights is not removable pursuant to § 1443(1) because it was not "clearly predicted" that the state court itself would deny those rights); *Matter of Petition of Detach Prop.*, 878 F. Supp. 111, 113 (N.D. Ill. 1995) ("This Court must presume that Illinois state courts would properly determine the merits of any federal issue properly presented to them.").

III. Fees and Filing Bar

Last, CCF asks the Court to award its attorneys' fees related to removal and for a filing bar against Hardwick. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). The Court may award attorneys' fees "only where the removing party lacked any objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Hardwick, a *pro se* litigant, has not advanced an objectively unreasonable position when removing the case. Although the Court ultimately disagrees with Hardwick, he made a good faith argument, and the Court will not award fees at this time. The Court will also not exercise its inherent power to impose a filing bar on Hardwick. However, Hardwick is warned that further filings the Court finds to be frivolous or without justification will not be met with the same treatment.

## Conclusion

For the foregoing reasons, the motion to remand is granted, the motion for fees and a filing bar is denied, and Hardwick's motion to strike personal attacks is denied as moot.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: December 8, 2025